**Affirmed and Opinion Filed April 16, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00779-CV

### DALLAS AREA RAPID TRANSIT, Appellant
### V.
### DONALD ARMSTRONG, Appellee

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-02528-D**

## MEMORANDUM OPINION NUNC PRO TUNC

Before Justices Francis, Myers, and Brown
Opinion by Justice Francis

In this appeal, Dallas Area Rapid Transit contends the trial court erred by denying its plea to the jurisdiction because DART did not have notice of Donald Armstrong's claims. For the reasons that follow, we affirm the trial court's order.

On April 27, 2013, Armstrong crossed San Jacinto Street in Dallas, headed south toward the DART West Transfer Center at the southeast corner of Lamar Street and San Jacinto. A DART bus, driven by Rufus Childress, was making a right turn from Lamar onto San Jacinto at the same time and struck Armstrong, knocking him into another lane. Armstrong was transported to Parkland Hospital where he was treated for a severe spinal cord injury that left him partially paralyzed. On or about that same day, Childress completed an Operator Accident Form, the DART field supervisor Vickie Carruth completed an accident report, and DART police

officer Harold Reeves filed both a Texas Incident Report #DTC13002453, and a Texas Police Officer's Crash Report #DTA13000173. In the Texas Incident Report, Reeves noted Childress "glanced at his rear view mirror to make sure his right rear tire cleared the curb" when Armstrong ran in front of the bus. He also noted Armstrong was taken to Parkland and had "suffered a spinal injury" with "no movement from his chest area to his feet." In his report, Childress stated he was "watch[ing] to see if his rightside rear end had cleared" the curb when Armstrong "flashed into [Childress's] peripheral vision."

In late December 2013, DART Risk Management received a letter of representation from Armstrong's legal counsel, and on March 12, 2014, Armstrong filed suit against DART alleging claims for negligence. In the petition, Armstrong asserted DART had notice as required by the Texas Tort Claims Act. DART filed its original answer which included a verified denial stating Armstrong had not performed all conditions precedent because he failed to provide DART with notice of his claim not later than six months after the day the incident giving rise to the claim occurred. DART then filed its plea to the jurisdiction asserting Armstrong's failure to give timely notice barred any claim against the governmental unit. Following a hearing, the trial court denied DART's plea to the jurisdiction. This interlocutory appeal followed.

On appeal, DART argues we must vacate the trial court's order denying its plea to the jurisdiction because Armstrong failed to provide notice of his claim within six months of the date he was injured by the DART bus. DART claims none of the reports of the incident allege DART was at fault and, therefore, it had no actual or subjective awareness it could be at fault.

A plea to the jurisdiction contests a trial court's subject matter jurisdiction. *City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010) (per curiam). Whether a court has subject matter jurisdiction is a question of law we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

Section 101.101 of the civil practice and remedies provides that a "governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred." TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a) (West 2011). The purpose of the notice requirement is to enable the governmental unit to gather the information necessary to guard against unfounded claims, settle claims, and prepare for trial. *Univ. of Tex. SW Med. Ctr. at Dallas v. Arancibia*, 324 S.W.3d 544, 550 (Tex. 2010). The notice requirement does not apply "if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged." TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(c). Knowledge of fault requires actual subjective awareness of fault in producing or contributing to the claimed injury. *Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 347 (Tex. 2004). This does not mean that the governmental unit is required to know that the claimant has made an actual allegation of fault; rather, the governmental unit must have knowledge that amounts to the same notice to which it is entitled by section 101.101(a), which includes subjective awareness that its fault produced or contributed to the claimed injury. *Id.* Fault is not synonymous with liability; rather, it implies responsibility for the injury claimed. *Arancibia*, 324 S.W.3d at 550. When the facts show the governmental unit is the sole instrumentality of the injury or harm and has awareness of this fault, requiring formal, written notice "would do nothing to further the statutory purposes of information gathering, settling claims, and preparing for trial." *Id.* (citing *Simons*, 140 S.W.3d at 347).

Here, Armstrong sued DART, alleging Childress, a DART employee, failed to pay attention while making a right turn in the DART bus he was driving. The bus struck Armstrong who was severely injured. Armstrong's injuries were solely caused by the bus striking him;

there is no other cause that produced or contributed to his injuries. Under these facts, we cannot conclude DART was unaware of its fault producing or contributing to his injury. *See id.*

In reaching this conclusion, we reject DART's argument that this "would impute actual knowledge to DART anytime a DART bus is involved in an accident." The mere fact that a DART bus is involved in an accident does not, without more, impute actual knowledge. *See Carbajal*, 324 S.W.3d at 538. However, the facts in this case do not involve a mere accident in which DART is involved; rather, the facts show the sole reason Armstrong was injured was because a DART bus struck him while he was crossing the street. Viewing the evidence in the light most favorable to Armstrong, we conclude DART had actual notice as required by section 101.101(c). *See id.* at 551. The trial court did not err by denying DART's plea to the jurisdiction. We overrule DART's issues on appeal.

We affirm the trial court's order.

1400779F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DALLAS AREA RAPID TRANSIT, Appellant

No. 05-14-00779-CV      V.

DONALD ARMSTRONG, Appellee

On Appeal from the 95th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-14-02528-D.
Opinion delivered by Justice Francis, Justices Myers and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee DONALD ARMSTRONG recover his costs of this appeal from appellant DALLAS AREA RAPID TRANSIT.

Judgment entered this 16th day of April, 2015.